IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Case No. 4:23-CV-84-D-RN

| | |
|---|---|
| WAYNE MCDONALD as Administrator of the Estate of Ronald Anthony McDonald, <br><br> Plaintiff, <br><br> vs. <br><br> HALIFAX COUNTY, et al., <br><br> Defendants. | CONSENT ORDER APPROVING WRONGFUL DEATH SETTLEMENTS |

THIS MATTER is before the Court upon Plaintiff's Motion to Approve Wrongful Death Settlement, pursuant to N.C.G.S. § 28A-13-3(23). After consideration of the Motion, Proposed Disbursements, General Release and Indemnity Agreement, Release of All Claims and Confidentiality Agreement, Notices of Consent to Settlement by Potential Beneficiaries, the Affidavits of Wayne McDonald, Catharine E. Edwards, Eric L. Doggett, and Carlos E. Mahoney, and the record proper, the Court determines as follows:

1. This is a wrongful death case arising from the death of Ronald Anthony McDonald ("Decedent"), age 70, on May 19, 2021 while he was in the custody of the Sheriff of Halifax County.

2. Plaintiff is the Decedent's brother and the duly appointed Administrator of the Estate.

3. There is an unresolved issue concerning the heirs of the Estate. The heirs are either Decedent's putative grandson or Decedent's two surviving brothers

and the fifteen surviving lineal descendants of his three deceased siblings. Plaintiff will file a lawsuit in state court to determine the beneficiaries of the Estate.

4. Catharine E. Edwards is the duly appointed Guardian Ad Litem for the Unknown Potential Grandson Heir, Anthony M. McDonald, Jr. Since her appointment as GAL, Mr. McDonald's whereabouts have been ascertained by counsel for Plaintiff.

5. Eric L. Doggett is the duly appointed Guardian Ad Litem for the Unknown Potential Nephew and Niece Heirs.

6. In this action, Plaintiff asserts claims for deliberate indifference under the Fourteenth Amendment, an action on the sheriff's official bond, medical malpractice, and corporate negligence against Defendants arising from Decedent's death. Defendants deny all liability to Plaintiff.

7. Plaintiff and the Halifax County Defendants have agreed to a settlement of all claims alleged in this case in the amount of $450,000.00, as set forth in the General Release and Indemnity Agreement.

8. Plaintiff and Defendant Southern Health Partners have agreed to a confidential settlement of all claims alleged in this case, as set forth in the Release of All Claims and Confidentiality Agreement.

9. The potential beneficiaries of the Estate are competent adults. Although Plaintiff and nine of the potential beneficiaries have consented in writing to the proposed settlements, Plaintiff is unable to obtain the written consent of all potential

2

beneficiaries. Plaintiff therefore seeks court approval of the wrongful death settlement under N.C.G.S. § 28A-13-3(23).

10. The proposed settlements are fair, reasonable, and in the best interests of the Estate and the potential beneficiaries of the Estate.

11. Plaintiff is represented in this case by Carlos E. Mahoney from Mills & Mahoney, P.A. in Durham, NC.

12. Mills & Mahoney, P.A. has advanced case expenses totaling $58,522.07 during the legal representation of Plaintiff. These expenses were reasonably necessary to investigate and prosecute the case, the expenses are fair and reasonable in amount.

13. Catharine E. Edwards has requested a fee in the amount of $800.00 for her service as Guardian Ad Litem. Ms. Edwards' fee is fair, reasonable, and appropriate for the services she provided as Guardian Ad Litem.

14. Eric L. Doggett has requested a fee in the amount of $1,050.00 for his service as Guardian Ad Litem. Mr. Doggett's fee is fair, reasonable, and appropriate for the services he provided as Guardian Ad Litem.

15. Counsel for Plaintiff requests a contingent attorney's fee in the amount of 40% of the total settlement minus the GAL fees. The attorney's fee requested by counsel for Plaintiff is reasonable.

16. Pursuant to N.C.G.S. § 28A-18-2(a), the funeral expenses for Decedent in the amount of $1,000.00 will be reimbursed to Keisha Pitts.

3

17. After the disbursement of the case expenses, GAL fees, attorney's fee, and burial expenses, there will be $300,477.93 available for distribution to the heir(s) of the Estate. These funds will be maintained in the Mills & Mahoney, P.A. Trust Account by counsel for Plaintiff until there is a final determination of the heir(s) of the Estate.

18. The wrongful death settlements between the parties, as set forth in the General Release and Indemnity Agreement and Release of All Claims and Confidentiality Agreement, are hereby approved.

19. Plaintiff's list of Proposed Disbursements is hereby approved

IT IS THEREFORE ORDERED that Plaintiff's Motion to Approve Wrongful Death Settlements is GRANTED and the settlements are APPROVED.

Plaintiff is authorized and directed to disburse the settlements in accordance with the list of Proposed Disbursements.

Upon payment of the settlements, the parties shall file a Stipulation of Dismissal with Prejudice.

SO ORDERED. This the 28 day of August, 2024.

JAMES C. DEVER III
United State District Judge

We consent to the
Entry of this Order:

/s/ Carlos E. Mahoney
Carlos E. Mahoney
Counsel for Plaintiff

/s/ Bradley O. Wood
Bradley O. Wood
Counsel for Halifax County,
Sheriff Davis, Western Surety Company,
David A. Foltz, Silvester Hardy,
Corey R. Johnson, Gravino Lashon Taylor

/s/ W. Gregory Merritt
W. Gregory Merritt
Counsel for Southern Health Partners

/s/ Catharine E. Edwards
Catharine E. Edwards
Guardian Ad Litem for
Unknown Potential Grandson Heir

/s/ Eric L. Doggett
Eric L. Doggett
Guardian Ad Litem for
Unknown Potential Nephew and Niece Heirs